UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOSEA R. MOORE,

    Petitioner,      CASE NO. 2:07-14242

v.             PAUL D. BORMAN
             UNITED STATES DISTRICT JUDGE

SUSAN S. DAVIS,

    Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(B)(3)(A)**

### I. Introduction

Petitioner Hosea Moore has filed a *pro se* Application for the Writ of Habeas Corpus under 28 U.S.C. § 2254. Also pending before the Court are Petitioner's Application for Appointment of Counsel and Motion to Amend the Habeas Petition.

The habeas petition challenges Petitioner's 1989 convictions for first-degree murder, MICH. COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner is serving a sentence of life imprisonment for the murder.

In 1993, Petitioner challenged the same state convictions and sentence in a habeas petition filed in the Western District of Michigan. United States Magistrate Judge Timothy P. Greeley recommended that the habeas petition be denied for lack of merit in the claims and that the action be dismissed with prejudice. Petitioner objected to Magistrate Judge Greeley's Report and Recommendation, but United States District Judge Gordon J. Quist rejected Petitioner's

objections and accepted the Magistrate Judge's Report and Recommendation as his own opinion. Judge Quist denied the habeas corpus petition and dismissed the case in its entirety. *See Moore v. Hawley*, No. 2:93-cv-282 (W.D. Mich. July 5, 1994).

Petitioner filed the pending habeas corpus petition on October 5, 2007. The petition asserts four grounds for relief, and the motion to amend appears to assert three additional claims.

## II. Discussion

A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not demonstrated that he received permission from the Court of Appeals to file another habeas corpus petition challenging the same convictions. His failure to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

his claims. *Burton v. Stewart*, __ U.S. __, __, 127 S. Ct. 793, 794 (2007) (*per curiam* opinion). Accordingly, the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. Petitioner's Application for Appointment of Counsel [Doc. 3, Oct. 5, 2007] and his Motion to Amend [Doc. 5, Oct. 18, 2007] are DENIED as moot.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: October 30, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 30, 2007.

                                            s/Denise Goodine
                                            Case Manager